## 11862.  TAYLOR v. THE STATE.

BLOODWORTH, J.  1. The ground of the motion for a new trial which re-
lates to alleged newly discovered evidence cannot be considered, be-
cause it is fatally defective in that the witness upon whose evidence
the ground is based is not supported by the other affidavits required
by section 6086 of the Civil Code of 1910.  Moreover, the only effect of
the alleged newly discovered evidence would be to impeach the only wit-
ness for the State, and " though the witness sought to be impeached
by newly discovered evidence was the only witness against the prisoner
upon a vital point in the case, if the sole effect of the evidence would
be to impeach the witness a new trial will not be granted."  Key v.
State, 21 Ga. App. 795 (1) (95 S. E. 269), and cases cited.

2. The evidence is sufficient to support the finding of the jury; the verdict
has the approval of the judge who presided at the trial, and the judg-
ment is

Affirmed.  Broyles, C. J., and Luke, J., concur.

DECIDED DECEMBER 16, 1920.

Indictment for discharging pistol on Sunday; from city court
of Alma — Judge Luke.  September 3, 1920.

Will Taylor was convicted under an indictment charging that
on April 18, 1920, he. wilfully fired off and discharged a pistol
on Sunday, not in defense of person or property.  The State's
witness testified that on Sunday, April 18, 1920, when he and
his wife were riding about 150 yards behind a buggy occupied
by Will Taylor and Will's brother, Sam Taylor, on a public road,
Will Taylor reached his hand out from the side of the buggy as
far as he could, holding a pistol, and discharged the pistol, and
that no other person was near where the pistol was discharged.
The defendant, in his statement at the trial, denied that he dis-
charged or had a pistol at the time mentioned by the witness.
There was no further evidence.  The motion for a new trial was
based on alleged insufficiency of evidence and on alleged newly
discovered evidence of Sam Taylor that he, and not the defend-
ant, discharged the pistol.

I. J. Bussell, for plaintiff in error.